UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES EARL CATES,   § | |
| § | |
| Petitioner,   § | |
| VS.   § | CIVIL ACTION NO. H-03-4978 |
| § | |
| DOUG DRETKE,   § | |
| § | |
| Respondent.   § | |

ORDER

Petitioner James Earl Cates, through counsel, filed a petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254 on his convictions for sexual assault of a child. On March 19, 2005, the Court granted respondent's motion for summary judgment and denied petitioner federal habeas relief. (Docket Entries No.10, No.11). Petitioner has now filed a "Motion to Alter or Amend Judgment Dismissing Petition for Writ of Habeas Corpus by a Person in State Custody and Request for Evidentiary Hearing." (Docket Entry No.12).

A motion filed within ten days of judgment is treated as a motion to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure. *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 353 (5th Cir. 1993). A Rule 59(e) motion may be granted if the moving party demonstrates any of the following: (1) the judgment was based upon a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; and (3) there is an intervening change in controlling law. *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d

563, 567-68 (5th Cir. 2003).  However, a Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued."  *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

In the first instance, petitioner apparently seeks Rule 59(e) relief on the ground that the Court's refusal to sanction respondent for failing to comply with the deadline to file a timely response constitutes manifest error. (Docket Entry No.12). The Court, however, thoroughly discussed its reasoning in refusing to sanction respondent and for upholding the procedural bar against petitioner with respect to several ineffective-assistance-of-counsel claims in its Memorandum and Order on Dismissal. (Docket Entry No.10). Petitioner attempts to re-litigate this matter in the present motion; accordingly, this ground for relief will be denied.

In the second, petitioner again complains that the Court's finding that petitioner's ineffective-assistance-of-counsel claim regarding his trial counsel's failure to object to outcry witness testimony was procedurally barred constitutes manifest error. Petitioner argues that he raised the issue in his petition for discretionary review. (Docket Entry No.12).

The Court, however, distinguished the claim that petitioner raised in his petition for discretionary review from the claim petitioner presented in his federal habeas petition. (Docket Entry No.10 at 8). In the petition for discretionary review, petitioner complained of trial error, *i.e.*, "the state district court erred by denying a hearing under article 38.072 of the Texas Code of Criminal Procedure to test the reliability of the statement made by complainants to the "outcry witnesses." (*Id.* at n.2, citing Appellant's Petition for Discretionary Review No.1577-01). In the federal habeas petition, petitioner complained of attorney error, *i.e.*, his trial counsel was

3

ineffective because he did not request a hearing on the admissibility of "outcry" testimony from complainants' mother and consequently, did not preserve error.  (*Id.* at 8).  Because no manifest error of law or fact is shown, petitioner's request that the Court's order, granting summary judgment on this issue, be withdrawn and the issue addressed at an evidentiary hearing is DENIED.

4

In the third, petitioner contends the Court failed to consider in its Memorandum and Order the cumulative effect of the numerous instances of trial defense counsel's deficient performance. (Docket Entry No.12). In his amended petition, petitioner contended that trial counsel's failure to investigate and prepare before trial, to preserve error at trial, and to serve as an advocate unequivocally combined to show harm and led the jury to believe that complainants were telling the truth and he was not. (Docket Entry No.3). The Court did not specifically address the cumulative error argument but it found that petitioner failed to show prejudice from any of the alleged deficiencies.

The Court noted that the state habeas court did not make specific fact-findings with respect to petitioner's claim that trial counsel was ineffective for failing to investigate. (Docket Entry No.10). The Court, nevertheless, found that petitioner failed to show that trial counsel's performance was deficient by his failure to offer as evidence documentation of petitioner's work schedule and that he was not prejudiced by the omission. (*Id.*, page 19). The same is true of trial counsel's failure to produce more character witnesses. (*Id.*, pages 21-22).

The Court also noted that the state habeas court did not specifically address petitioner's claim that trial counsel did not object to the testimony of three witnesses at trial. (*Id.*, page 26). After carefully reviewing the record, this Court found that trial counsel was not deficient in failing to object to the testimony of two witnesses. (*Id.*, pages 30-31) Finally, this Court found

5

that trial counsel's performance was not deficient because he did not give an opening statement and did not object to the victim impact evidence. (*Id.*, pages 33- 34).

With respect to petitioner's claim that his trial counsel failed to prepare for trial, this Court agreed with the finding of the state habeas court that petitioner did not present any evidence to specifically demonstrate the alleged deficient performance of trial counsel and that the alleged deficiencies undermined the confidence in the outcome. (*Id.*, page 24).

With respect to the remaining claims, the Court found that petitioner failed to show how he was prejudiced by his trial counsel's failure to object to two venire persons who did not serve on the jury and by his trial counsel's limited voir dire (*id.*, pages 32-33), by trial counsel's failure to prepare petitioner and his sister to testify (*id.*, page 22), and by his failure to object to the testimony of complainants' father. (*Id.*, page 32). As in his other pleadings, petitioner does not show in the pending motion how he was prejudiced by these specific acts or how these alleged deficiencies more likely than not caused a suspect verdict. *See Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992) (en banc). Inasmuch as counsel's alleged deficiencies resulted in no prejudice, petitioner's claim of ineffective assistance cannot be cumulated. *Westley v. Johnson*, 83 F.3d 714 (5th Cir. 1996). Therefore, no manifest error of law or fact is shown.

Because petitioner has not met the requirements of Rule 59(e), the Court DENIES his "Motion to Alter or Amend Judgment Dismissing Petition for Writ of Habeas Corpus by a

Person in State Custody and Request for Evidentiary Hearing." (Docket Entry No.12).

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas, on October 11, 2005.

*[signature]*

Melinda Harmon
United States District Judge